UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MICHELLE PERAGINE, an individual; on behalf of herself and all others similarly situated,

                Plaintiff,

vs.

WILLIAM C. GROSSMAN LAW, PLLC,

                Defendant.

CASE NO.:

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**DEMAND FOR JURY TRIAL**

---

## I. PRELIMINARY STATEMENT

1. Plaintiff, Michelle Peragine ("Plaintiff" or "PERAGINE"), on behalf of herself and all others similarly situated, brings this action for the illegal practices of Defendant, William C. Grossman Law, PLLC ("Defendant") who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2. The Plaintiff alleges that Defendant's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

3. Such collection practices include, *inter alia*, sending consumers written communications which make false representations or implications that an attorney is meaningfully involved in the process of sending those communications, and using false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.

4. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The U.S. Congress, finding evidence of the use of abusive, deceptive,

and unfair debt collection practices by many debt collectors, determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6. The FDCPA applies to lawyers regularly engaged in consumer debt-collection litigation. *Heintz v. Jenkins*, 514 U.S. 291 (1995); *Goldman v. Cohen*, 445 F.3d 152, 155 (2d Cir. 2006).

7. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations prohibited by that section are false representations or implications that any individual is an attorney or that any communication is from an attorney, 15 U.S.C. §1692e(3).

8. The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, actual damages, punitive damages, injunctive relief, declaratory relief, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court,

pursuant to the FDCPA and all other common law or statutory regimes.

## II. PARTIES

9. PERAGINE is a natural person.

10. At all times relevant to this lawsuit, Peragine is a citizen of, and resides in, Lynbrook, Nassau County, New York.

11. At all times relevant to this lawsuit, William C. Grossman Law, PLLC is a Domestic Professional Service Limited Liability Company.

12. At all times relevant to this lawsuit, Grossman maintains its principal place of business at 5965 Transit Road, Suite 500, East Amherst, New York 14051.

## III. JURISDICTION & VENUE

13. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

14. Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

15. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because the Defendant is subject to personal jurisdiction in the State of New York at the time this action is commenced.

## IV. FACTS CONCERNING PLAINTIFF

16. According to Defendant, Plaintiff allegedly incurred a financial obligation to Credit One Bank, N.A.

17. The Credit One Bank, N.A. Obligation is alleged to have arisen out of a transaction in which the money, property, insurance, or services, which are the subject of the transaction, are primarily for personal, family, or household purposes.

18. Defendant contends that the Credit One Bank, N.A. Obligation is in default and claims that the Credit One Bank, N.A. obligation was transferred to MHC Receivables, LLC and FNBM, LLC and then to Sherman Originator III, LLC to Sherman Originator LLC and finally to LVNV Funding, LLC.

19. The alleged Credit One Bank, N.A. Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

20. Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

21. Plaintiff is informed and believes, and on that basis alleges, that sometime prior to August 14, 2017, the creditor of the Obligation either directly or through intermediate transactions assigned, placed or transferred the debt to William C. Groissman Law, PLLC for collection.

22. William C. Grossman Law, PLLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

23. William C. Grossman Law, PLLC collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

24. William C. Grossman Law, PLLC is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25. On information and belief, William C. Grossman is a principal owner, director, shareholder, and/or managing partner of William C. Grossman Law, PLLC.

26. In an attempt to collect the Credit One Bank, N.A. Obligation, Defendant issued and served a Summons to Plaintiff which required Ms. Peragine to "appear in the District Court

of the County of SUFFOLK." A true and correct copy of the Summons is attached hereto as Exhibit A.

27. The Summons is a "communication" as defined by 15 U.S.C. §1692a(2).

28. Plaintiff presumed, as would the "least sophisticated consumer," that the Summons was in fact the work product of a licensed attorney.

29. Plaintiff further presumed, as would the "least sophisticated consumer," that the Summons was in fact the work product of a licensed attorney as it was personally signed by an attorney.

30. The Summons falsely implies, the Credit One Bank, N.A. Obligation had been reviewed by an attorney.

31. Plaintiff became informed and now believes, and on that basis alleges, that the Summons is actually a computer-generated, mass-produced, document that is sent to consumers at-large in the State of New York without any meaningful attorney review or involvement.

## V. POLICIES AND PRACTICES COMPLAINED OF

32. It is Defendant's policy and practice to send written collection communications, in the form attached as Exhibit A in connection with the collection of alleged consumer debts, which make false, deceptive, and misleading representations that any person is an attorney or that any communication is from an attorney and which make other materially false, deceptive, and misleading statements. Such policies and practices are in violation of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(5), 1692e(10) and 1692i(2).

33. It is also Defendant's policy and practice to send written collection communications, in the form attached as **Exhibit A** in connection with the collection of alleged consumer debts, which falsely represent or imply that any individual is an attorney or that

communication is from an attorney, and utilize false representation or deceptive means to collect or attempt to collect debt, in violation of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) and 1692i(2).

34. On information and belief, the Defendant's written communications, in the form attached as Exhibit A and as alleged in this complaint under the Facts Concerning Plaintiff, number in at least the dozens.

## VI. CLASS ALLEGATIONS

35. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

36. With respect to the Plaintiff Class, this claim is brought on behalf of a class of (a) all persons in the State of New York (b) to whom William C. Grossman Law, PLLC sent a written communication materially similar to the form attached as **Exhibit A**; (c) in an attempt to collect a debt on behalf of creditors that was incurred for personal, family, or household purposes; (d) which was not returned as undelivered by the United States Postal Service or a process server; (e) during the one year immediately preceding the filing of the initial complaint in this action and ending 21 days thereafter.

37. The identities of all class members are readily ascertainable from the records of William C. Grossman Law, PLLC.

38. Excluded from the Plaintiff Class is the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

39. There are questions of law and fact common to the Plaintiff Class, which common

issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A violate 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) and 1692i(2).

40. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

41. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

42. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violates 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) and 1692i(2).

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the

Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

43. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) and 1692i(2) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

44. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the

controversy.

45. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VII. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

46. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

47. The Defendant's written communications in the form attached as **Exhibit A** are false, deceptive, and misleading in violation of 15 U.S.C. § 1692e.

48. The Defendant's written communications in the form attached as **Exhibit A** make false, deceptive, or misleading representations in connection with the collection of a debt in violation of 15 U.S.C. §1692e

49. The Defendant's written communications in the form attached as **Exhibit A** constitute a falsely represent or imply that an individual is an attorney or that a communication is from an attorney in violation of 15 U.S.C. §1692e(5).

50. The Defendant's written communications in the form attached as **Exhibit A** constitute the use of a false representation and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. §§1692e and 1692e(10).

51. The Defendant's written communication in the form attached as **Exhibit A** directing the consumer to appear in the District Court of the County of SUFFOLK, constitutes legal action in a judicial district where the consumer neither signed the contract or which the consumer resides in violation of 15 U.S.C. § 1692i(2).

## VIII.  PRAYER FOR RELIEF

52. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Plaintiff Class as follows:

A. **For the FIRST CAUSE OF ACTION**:

(i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above;

(ii) An award of the maximum statutory damages for Plaintiff and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii) For declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 adjudging Defendant's collection conduct complained of herein violates the FDCPA;

(iv) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(v) For or such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:   Uniondale, New York
October 9, 2017

_____
Abraham Kleinman (AK-6300)
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
Telephone: (516) 522-2621
Facsimile:  (888) 522-1692
E-Mail: akleinman@kleinmanllc.com
*Attorney for Plaintiff, Michelle Peragine, and all others similarly situated.*

# EXHIBIT A

## CONSUMER CREDIT TRANSACTION

**FIRST DISTRICT COURT OF THE COUNTY OF NASSAU**
**STATE OF NEW YORK: COUNTY OF NASSAU**

| | |
|---|---|
| LVNV Funding LLC, | **SUMMONS** CV-011981-17 |
| Plaintiff, | Date Purchased: |
| | Index No.: |
| vs. | |
| | **Plaintiff's Residence Address:** |
| Michelle Peragine, | The basis of the venue designated is: |
| | ☒ The defendant resides in the |
| Defendant. | County of NASSAU. |

To the above-named Defendant:

**YOU ARE HEREBY SUMMONED** and required to appear in the District Court of the County of SUFFOLK, at the Office of the Clerk of the said Court at 99 Main Street, City of Hempstead in the County of NASSAU, State of NY, by serving an answer to the annexed complaint upon Plaintiff's attorney, at the address stated below, or if there is no attorney, upon the Plaintiff, at the address stated above, within the time provided by law as noted below; upon your failure to answer, judgment will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: August 14, 2017

By: 
WILLIAM C. GROSSMAN LAW, PLLC
William C. Grossman, Esq.
Darleen V. Karaszewski, Esq.
*Attorneys for Plaintiff*
5965 Transit Road, Suite 500
East Amherst, New York 14051
(888) 201-6643

2017 SEP 18 AM 9:40
DISTRICT COURT
OF NASSAU COUNTY
CIVIL PART

2017 SEP -5 AM 11:07
DISTRICT COURT
OF NASSAU COUNTY
CIVIL PART

TO: **Michelle Peragine**
8 Saint Nicholas St
Apt 2
Lynbrook NY 11563-1762

NOTE: The law or rules of court provide that:

(a) If this summons is served by its delivery to you, or (for a corporation) an agent authorized to receive service, personally within the County of NASSAU, you must answer within 20 days after such service; or

(b) If this summons is served otherwise than as designated in subdivision (a) above, you are allowed 30 days to answer after the proof of service is filed with the Clerk of this Court.

(c) You are required to file a copy of your answer together with proof of service with the clerk of the District in which the action is brought within 10 days of the service of the answer.