UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MICHELLE PERAGINE, an individual; on behalf
Of herself and all others similarly situated,

                              Plaintiff,                  **MEMORANDUM AND ORDER**
            -against-                                      CV 17-5901 (JMA)(AYS)

WILLIAM C. GROSSMAN LAW, PLLC,
a New York professional limited liability
company,


                              Defendant.
-------------------------------------------------------------X
**SHIELDS, Magistrate Judge:**

       On October 9, 2017, Plaintiff Michelle Peragine ("Plaintiff") commenced this action, on behalf of herself and others similarly situated, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 15 U.S.C. § 1692, et seq., (the "FDCPA"). The original complaint named a single defendant - William C. Grossman Law, PLLC. Docket Entry herein ("DE") [1]. On March 30, 2018, Plaintiff filed her First Amended Complaint. Like the original complaint, the amended pleading alleged only claims under the FDCPA, and named only William C. Grossman Law, PLLC, as a defendant. On September 26, 2018, after being granted leave, Plaintiff filed her Second Amended Complaint. Unlike her earlier complaints (and as discussed further below, outside of the leave granted by this Court), the Second Amended Complaint names three additional Defendants and alleges, for the first time, a claim under New York State law.

       Presently before the Court is the motion of the three defendants first named in the Second Amended Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss. The motion argues that the operative date of the Second Amended Complaint should not relate back to the filing of her first complaint, and that therefore the FDCPA claims alleged are

1

time-barred. In the event that the FDCPA claims are dismissed, the movants ask that this Court decline to exercise supplemental jurisdiction over the newly-pleaded state law claim. For the reasons set forth below, the motion to dismiss is granted in its entirety.[1]

BACKGROUND

I. The Complaint

As noted, Plaintiff filed the complaint herein on October 9, 2017 (the "First Complaint"). The First Complaint named a single defendant –William C. Grossman Law, PLLC ("Grossman PLLC" or the "Grossman Law Firm"). In that pleading, styled as a class action, Plaintiff alleged a single cause of action. Specifically, Plaintiff alleged that the Grossman Law Firm violated the FDCPA in connection with commencement of a debt collection lawsuit in New York State Court (the "State Court Action"). Plaintiff alleged that the summons served in the State Court Action (the "Summons") was nothing more than a "computer-generated, mass-produced, document that is sent to consumers at-large in the State of New York without any meaningful attorney review or involvement." DE [1] at ¶ 31. The gist of Plaintiff's FDCPA claim is that the commencement of the State Court Action was deceptive because the Summons falsely represents that it is a communication from an attorney. It is further alleged that, in fact, no attorney was involved in review of the State Court Action (and others allegedly similar thereto) prior to commencement. It is also alleged that the Summons violated the FDCPA by commencement of an action in a judicial district where the consumer neither signed the contract nor in which the consumer resides, in violation of 15 U.S.C. § 1692i (2).

---

[1] This dispositive motion was referred to this Court for Report and Recommendation on November 4, 2019. By way of stipulation, and an order dated November 18, 2019, the parties consented to the jurisdiction of this Court to decide the motion. DE [58-59].

The Summons was signed by Grossman PLLC, as attorneys for LVNV Funding LLC ("LVNV"), the plaintiff in the State Court Action. The handwritten signature for Grossman PLLC is illegible. See DE [1] at Ex. A. However, the printed names listed under the signature line, as attorneys for LVNV, are William C. Grossman, Esq. and Darleen V. Karaszewski, Esq.

II.     The First Amended Complaint

On March 30, 2018, Plaintiff filed her First Amended Complaint (the "FAC"). DE [13]. Like the First Complaint, the FAC named a single defendant – Grossman PLLC. The FAC contains additional facts concerning the debt that was the subject of the State Court Action. Specifically, the FAC states that Credit One Bank, N.A., the holder of Plaintiff's alleged original debt, transferred the debt to MHC Receivables, LLC, and FNBM, LLC, and then to Sherman Originator III, LLC, to Sherman Originator LLC and, finally to LVNV – the Plaintiff on whose behalf the Grossman Law Firm commenced the State Court Action. In addition to more fully describing the path of the debt sought to be collected in the State Court Action, the FAC adds as an exhibit the complaint accompanying the Summons, which describes the debt's chain of title as set forth above. See DE [13] at Ex. B. The FAC also attaches a "schedule" that was annexed to the complaint in the State Court Action, and referred to in Paragraph 5 therein. That schedule purports to be Plaintiff's credit card statement, reflecting the amount due to the original creditor – the debt upon which the State Court Action was based. DE [13] at 21.

The FAC also includes as an exhibit a document reflecting the assignment of a telephone number, first to Attorney Kevin Z. Shine (a debt collector for LVNV) and then to William C. Grossman. DE [13] at ¶ 38. The FAC states, upon information and belief, that LVNV "electronically transmits basic account information to Grossman, and that such information is reviewed by Non Attorneys." Id. at ¶¶ 38-39. It is further alleged that the electronic information

transferred by LVNV is imported into a "form Complaint" which is reviewed by non-attorneys, and then into a computer-generated complaint. Id. at ¶ 40. As to the illegible signature referred to above, it is alleged that Defendant refuses to identify the person who signed on behalf of the Defendant law firm. Id. at ¶ 43.

Similar to the First Complaint, the FAC alleges a single cause of action pursuant to the FDCPA based upon the general allegation that there was no meaningful attorney review prior to commencement of the State Court Action. See id. at ¶¶ 45-50, and at Section VII. Like the original pleading, Plaintiff alleges that commencement of the State Court Action was a false and deceptive practice in violation of the FDCPA. While the FAC adds facts describing the chain of custody of the debt underlying the State Court Action, and Defendant's allegedly deceptive scheme, it is in all material aspects, the same as the First Complaint. Both are styled as class actions, both name only a single defendant (the Grossman Law Firm), and both allege only a cause of action pursuant to the FDCPA.

III.    Proceedings After the First Amended Complaint

Approximately two weeks after the filing of the FAC, the District Court held a telephone conference. That Court directed that all discovery be completed within ninety days, and gave Defendants leave to file a pre-motion conference letter upon completion thereof. DE [14]. Thus, discovery was to be complete by July 12, 2018. Counsel thereafter engaged in motion practice before this Court seeking to compel responses to discovery, and to extend the deadline for completion thereof. By way of electronic order dated July 18, 2018, this Court granted the motion to extend discovery, and granted in part and denied in part the motion to compel. All discovery was to be completed by August 22, 2018, dispositive motion practice was to be

4

commenced by August 31, 2018, and the joint proposed pretrial order was to be filed by September 13, 2018. See Electronic Order dated July 18, 2018.

On August 8, 2018, this Court held a conference. At that conference, the deadline for completion of discovery was extended to October 9, 2018. The date for taking the first step in dispositive motion practice was extended to October 24, 2018, and the joint proposed pretrial order was to be filed on November 8, 2018. Additionally, the Court noted counsels' agreement that the deposition of William Grossman was to occur on a date to be determined between September 17, 2018 and September 29, 2018. DE [26].

IV. Proceedings as to the Second Amended Complaint

A. The Motion to Amend

In a letter dated August 14, 2018, Plaintiff sought leave to file a second amended complaint. DE [27]. In that letter, Plaintiff referred to her 2017 demand that the Defendant dismiss the State Court Action on the ground that it was barred by an arbitration clause contained in the credit agreement governing the terms of the debt sought to be collected. DE [27] at 2. Plaintiff further stated that documents produced during discovery demonstrated that Defendant knew of the arbitration clause. Plaintiff stated that "[a]fter reviewing Defendant's discovery responses, including their document production . . . Plaintiff now seeks to file an amended complaint, adding an additional violation of the FDCPA, because Defendant's continued collection efforts, in the face of a valid demand to arbitrate, constituted an 'unfair or unconscionable means to collect or attempt to collect any debt, under Section 1692f,' or a 'false, deceptive, or misleading representation or means in connection with the collection of any debt' under Section 1692e.'" Id. at 3. Defendant's letter motion further stated that the proposed amendment arises out of the same series of events or transactions as the allegations in the

5

original complaint. It cited to Rule 15(a) of the Federal Rules of Civil Procedure in support of the proposed motion to file a second amended complaint. No mention was made of adding additional parties or new claims, or of having the date of the proposed pleading relate back to the filing of the original complaint. Defendant opposed the motion to amend on the ground of futility. See DE [28].

B. Oral Argument and the Grant of the Motion to Amend

On September 13, 2018, this Court held oral argument on Plaintiff's request to amend her complaint. At the conference, held on the record and in open court, Plaintiff's counsel reiterated the position set forth in the letter motion to amend. Thus, counsel stated that Plaintiff sought to amend her complaint only to add a new claim pursuant to the FDCPA. The proposed new claim would, according to Plaintiff's counsel, assert that it was an additional violation of law to commence a collection lawsuit when the credit agreement governing the debt at issue contained an arbitration clause. Counsel confirmed that he sought only to add additional facts to the previously served (and then-operative FAC) in support of an additional theory of Defendant's violation of the FDCPA. Like the letter motion, counsel made no mention of adding additional parties or new claims. Based upon counsel's representations as to the scope of the proposed second amended complaint, this Court granted the motion to amend, and allowed Plaintiff ten days in which to serve a second amended complaint. See DE [32].

V. The Second Amended Complaint

On September 26, 2018, Plaintiff filed the Second Amended Complaint (the "SAC"). Contrary to the representations made in Plaintiff's motion and at oral argument, the SAC was not limited to the assertion of new facts in support of the same FDCPA claim against the same named Defendant. Indeed, the SAC did not even assert the arbitration argument set forth in

6

support of Plaintiff's request to amend. Instead, the SAC named three new defendants, and alleged a new cause of action.

As to parties, the SAC names (in addition to the Grossman Law Firm) Darlene Karaszewski,Esq. ("Karaszewski"), LVNV, and Resurgent Capital Services, L.P. ("Resurgent") as Defendants. Karaszewki is the second attorney whose name appears under the illegibly signed signature line of the complaint in the State Court Action. Since Karaszewski's printed name appears on the pleadings involved in the State Court Action, Plaintiff knew of (but did not name) Karaszewski at the time of the filing of the original complaint herein. Newly named Defendants LVNV and Resurgent are the entities that, at one time or another, appear to have held the debt that was the subject of the State Court Action. Indeed, LVNV is the plaintiff in the State Court Action. Since Plaintiff referred to both LVNV and Resurgent in the FAC, it is clear that she learned of the identity of these entities prior to the filing of the FAC, but chose not to name them as defendants in that iteration of this lawsuit.

In addition to naming additional defendants, the SAC adds a new claim. For the first time, Plaintiff alleges that Defendants' debt collection practices violate not only the FDCPA, but also constitute a deceptive business practice in violation of Section 349 of the New York State General Business Law ("Section 349").

VI.     The Motion to Dismiss

On November 5, 2018, Defendants LVNV and Resurgent sought leave to move to dismiss the SAC. DE [47]. In particular, those defendants asserted that the SAC could not relate back in time to the filing of the original complaint herein, and that the FDCPA claims were therefore time-barred. It was also argued that any FDCPA claim against these defendants failed because Plaintiff did not assert that either of these entities sent any communication to Plaintiff.

Finally, it was asserted that in the event that the FDCPA claims were dismissed, the court should decline to exercise supplemental jurisdiction over the Section 349 claim. On November 8, 2018, Defendant Karaszewski also sought leave to move to dismiss the SAC. Like her newly named co-defendants Karaszewski argued that the SAC was time-barred, and that the Court should decline to exercise supplemental jurisdiction over the state law claim. See DE [48]. In response, Plaintiff, arguing for the first time that her amendment should be governed by Rule 15(c) of the Federal Rules of Civil Procedure, asserted that all claims asserted in the SAC should relate back in time to the filing of the First Complaint and are therefore timely.

The motion was fully briefed on June 14, 2019. DE [53]. On November 4, 2019, it was referred to this Court for Report and Recommendation. See Electronic Order dated November 4, 2019. On November 17, 2019, counsel consented to the jurisdiction of this Court for the purpose of deciding this dispositive motion. DE [58]. It is now ripe for final adjudication by this Court. See DE [59].

## DISCUSSION

I. Legal Principles

    A. Standard on a Rule 12(b)(6) Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (quoting, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 119–20 (2d Cir. 2010). Facial plausibility is established by pleading factual content sufficient to allow a court to reasonably infer the defendant's liability. Twombly, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at

555. Nor is a pleading that offers nothing more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," sufficient. Iqbal, 556 U.S. at 678 (2009) (quoting Twombly, 550 U.S. at 555). As required in the context of this motion to dismiss, the factual allegations in the Complaint, though disputed by Defendants, are accepted to be true for purposes of this motion, and all reasonable inferences are drawn therefrom in favor of the Plaintiff.

While facts to consider in the context of a Rule 12 motion to dismiss are generally limited to those set forth in the pleadings, a court may consider matters outside of the pleadings under certain circumstances. Specifically, in the context of a Rule 12(b)(6) motion, a court may consider: (1) documents attached to the complaint as exhibits or incorporated by reference therein; (2) matters of which judicial notice may be taken; or (3) documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); see also International Audiotext Network, Inc. v. American Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995).

B.     FDCPA Statute of Limitations

Claims alleging liability under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. §1692k(d). In the context of a Rule 12 motion, dismissal on statute of limitations grounds is appropriate only if, on the face of the complaint, the claim asserted is untimely. Harris v. City of New York, 186 F.3d 343, 250 (2d Cir. 1999).

C.     Rule 15(c) of the Federal Rules of Civil Procedure: Relation Back Doctrine

Rule 15 of the Federal Rules of Civil Procedure governs amendment of pleadings before trial. See Fed. R. Civ. P. 15. Subsection (c) of Rule 15 sets forth the requirements for allowing an otherwise untimely claim to relate back to the filing of an earlier pleading, rendering an

otherwise time-barred claim timely. Fed. R. Civ. P. 15(c). Where an amendment seeks to add a party against whom a claim is time-barred, relation back allows the claim to be deemed timely only if: (1) the party sought to be added "received such notice of the action that it will not be prejudiced in defending on the merits"; and (2) that party "knew or should have known that the action would have been brought against [that party], but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(i)(ii).[2] As to the requirement set forth in subsection (ii) of Rule 15(c)(1)(C), i.e., that the party sought to be added "knew or should have known" that the action would have named that party, "but for a mistake concerning the proper party's identity," it is clear that "making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity." Krupski v. Costa Crociere S.p.A., 560 U.S. 538, 549 (2010). Under such circumstances, Rule 15(c) cannot be relied upon to allow relation back to an earlier, timely pleading. However, the mere knowledge of a prospective defendant's "existence" does not foreclose a court from applying the relation back doctrine.

As explained in Krupski, if plaintiff harbors some "misunderstanding about [the prospective defendant's] status or role in the events" underlying the lawsuit, the choice to sue another defendant may be based on a misimpression that is within Rule 15(c), allowing the relation back doctrine to apply. Id. This interpretation of Rule 15(c) recognizes the interest in repose for which statutes of limitation exist. Thus, relation back under Rule 15(c) should be denied when such denial will "give repose to a defendant who held the legitimate belief that the

---

[2] In their briefing, Counsel refer to Rule "(15)(c)(3)." Rule 15(c) does not contain a subsection (3). Instead, the requirements for relation back to add a new party are currently set forth in Rule 15(c)(1)(C)(i) and (ii).

limitations period had passed without any attempt" to name him as a defendant. Id. at 550. On the other hand, relation back should be allowed where "repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity." Id.

As the discussion above makes clear, the starting point in any analysis under Rule 15(c) is whether the plaintiff made a mistake in naming a defendant. After such a mistake is made, the question then shifts to the Krupski analysis regarding the prospective defendant's knowledge. In the absence of any mistake, however, the court "need not consider what a defendant knows and when the defendant knew it; the threshold requirement for Rule 15(c)(1)(C) – a 'mistake concerning the proper party's identity' – has not been met." Fischer v. Forrest, Nos. 14 Civ. 1304, 14 Civ. 1307, 2017 WL 128705, at *10 (S.D.N.Y. Jan. 13, 2017). Under such circumstances, Rule 15(c) allows no relation back. Atakhanova v. Home Family Care, Inc., No. 16 CV 6707, 2019 WL 2435856, at *6 (E.D.N.Y. Feb. 19, 2019): Pikos v. Liberty Maintenance, Inc., No. 09-CV-4031, 2015 WL 6830670, at *3-4 (E.D.N.Y. Nov. 15, 2015).

II. Disposition of the Motion

Before turning to the merits of the motion, the Court addresses Plaintiff's representation as to the scope of the order of this Court allowing the filing of the SAC. As the foregoing discussion of prior proceedings herein makes clear, this Court's grant of the motion to serve a second amended complaint was based upon Plaintiff's clear and repeated representations that the proposed SAC would do nothing more than add facts in support of the previously asserted FDCPA claim. No mention was made of adding new parties or new claims. Based upon these representations, the Court allowed Plaintiff to file a second amended complaint.

As an officer of the Court, Plaintiff's counsel (who knew well the limits of this Court's grant of the motion to amend) argues disingenuously, to say the least, when he states that this Court granted leave to amend the complaint to add new parties and a new claim. Such leave was never sought.

Turning to the motion to dismiss, the Court holds that the motion must be granted. First, there is no question but that in the absence of relation back, Plaintiff's FDCPA claims against the newly named defendants would be untimely. All parties agree to this fact and conclusion of law. Thus, the issue is whether the relation back doctrine contained in Rule 15(c) applies. It does not.

As discussed above, the law is clear that a new pleading can relate back in time to a prior pleading only if plaintiff made a mistake as to the naming of a party. Here, Plaintiff chose to name the Grossman Law Firm (and not, incidentally, Mr. Grossman – the individual) as a defendant. She made this choice not once, but twice. First in the initial complaint and then, again, with the filing of the FAC. That amendment took place after Plaintiff knew of the identities of all of the additional defendants named in the SAC. Indeed, there is no question but that Plaintiff knew of Karaszewski and LVNV at the time of the filing of the First Complaint.

Instead of naming multiple defendants, Plaintiff made the decision to name only the Grossman Law Firm as a defendant in the First Complaint. She confirmed that choice when she filed the FAC. The Grossman Law Firm is certainly pled as a proper FDCPA defendant. Thus, there was no mistake in choosing to sue only Grossman PLLC – only a conscious choice to sue one defendant, and not any other. Such a choice defeats any claim that Plaintiff made a mistake in naming a defendant sufficient to trigger the relation back doctrine contained in Rule 15(c). Krupski, 560 U.S. at 549 ("[T]he deliberate choice to sue one defendant over another is the antithesis of mistake."). Since the threshold requirement of mistake is not met, the operative date

of the SAC cannot relate back to the filing of the First Complaint. Accordingly, the relation back doctrine does not apply. Plaintiff's FDCPA claims against Karaszewski, LVNV and Resurgent are unquestionably time-barred. The motion to dismiss the FDCPA claims against these Defendants is therefore granted.

In view of the fact that the dismissed claims are the only Federal claims alleged against the now-dismissed Defendants, the Court declines the invitation to exercise supplemental jurisdiction over the newly alleged State Law claim. The motion to dismiss is therefore granted in its entirety.

## CONCLUSION

For the foregoing reasons, the motion to dismiss, appearing at Docket Entry [53] herein is granted in its entirety.

**SO ORDERED.**

Dated: Central Islip, New York
December 30, 2019

/s/ Anne Y. Shields
Anne Y. Shields
United States Magistrate Judge